Ragland v. McFall.

| 36 | 135 |
| 137s | 81 |

JOHN RAGLAND, SHERIFF,

v.

LOUISA S. MCFALL.

*Replevin—Wife's Separate Property—Sale—Evidence—Corporations.*

1.   Where there is a question whether money paid by the wife was her separate property or her husband's, it is competent to show that she had borrowed from a third person similar amounts on her own credit.

2.   Though the property is covered by a chattel mortgage, a surrender by the parties thereto by way of sale and delivery of possession to pay a subsisting debt, without actual or intended fraud, is valid.

3.   Where the officers and stockholders of a corporation acquiesce in a sale and transfer by the president of all the assets of the corporation for a debt, they can not, in the absence of fraud, question the president's power to make it; nor does a subsequent judgment creditor of the corporation, with notice, occupy a better position.

[Opinion filed August 27, 1890.]

APPEAL from the City Court of East St. Louis; the Hon. B. H. CANBY, Judge, presiding.

Mr. M. MILLARD, for appellant.

Mr. GEO. B. BURNETT, for appellee.

PHILLIPS, J.   On December 24, 1887, appellant, as sheriff
of St. Clair county, by virtue of an execution in favor of P.
P. Manion, levied on certain property as the property of the
River Rendering Company.   Appellee brought her action of
replevin to recover the property, and to her declaration
appellant filed pleas of *non detinet* property in himself and
property in the River Rendering Company.   Issue was joined
on those pleas and trial resulted in a verdict and judgment of
property in appellee.   It appears from the evidence in this rec-
ord that appellee held notes of the River Rendering Company,
one for $5,500, one for $4,500, one for $8,860, and one for
$3,500, which were made by the company for money loaned
and money paid by appellee as security.   The plaintiff in the
replevin suit based her right to recover on evidence that in
1882, after certain of the above notes became due, the com-
pany, being unable to pay the same, surrendered to her certain
property, including the property in controversy, in satis-
faction and payment of her debt, and that she occupied and
took possession of the same, and has remained in possession
from that time, October 22, 1882, to the time of the levy of
the execution.   And that such possession was held by virtue
of such acceptance of said property in satisfaction of the said
indebtedness.   The president of the River Rendering Com-
pany was the husband of the plaintiff, and he, with the secre-
tary of the company, were substantially the owners of all
the stock of the company.   The plaintiff called as a witness
one Richards, to prove that she had at various times borrowed
money from him, and the amount of such loans and the date
were testified to by him.   From this evidence it appears that
some of these loans in amount and date were of about the
same date and amount as certain of the loans made by plaintiff
to the River Rendering Company.   This testimony was ob-
jected to by defendant and the objection overruled, and that
ruling of the court is assigned as error.   The fact of the exist-

ence of the indebtedness and the amount of the same were material questions to be determined.

These transactions between the plaintiff and the company, represented by its president, her husband, were of such a nature that it was also material to show the plaintiff was possessed of a separate estate, and had the control of large sums of money. Requiring large sums of money from Richards on her own credit would tend to prove these facts. It was not error to overrule the objection to the introduction of the testimony of Richards. That the plaintiff, the wife of the president of the company, was possessed of a separate estate in her own right, and had the control of large sums of money, and that this indebtedness from the company to her existed, is clearly shown from the evidence in this record. Whether the property belonging to the River Rendering Company was surrendered up to the plaintiff in payment and satisfaction of this debt, and so accepted by her, and possession entered into by her on such surrender and acceptance, are material questions in determining the correctness of the verdict. While on that question there is some conflict in the evidence, the clear preponderance is with the plaintiff, this being the theory on which plaintiff bases her claim to the property in controversy, and the evidence on which her claim is based. The defendant sought to introduce in evidence a deed of trust, made and acknowledged and recorded in the State of Missouri, and recorded in St. Clair county, Illinois, by which this property was conveyed by the River Rendering Company to Richards, in trust, to secure the indebtedness due from the company to plaintiff, prior to the maturity of the notes, and before such surrender.

The existence of such a deed was shown in the cross-examination of plaintiff, and Richards and the defendant sought to introduce that deed of date April 6, 1882, in evidence, and produced and offered the same to the jury. To the introduction of this deed in evidence the plaintiff objected, which objection was sustained, to which the defendant excepted. The defendant further offered in evidence the trustee's advertisement of a sale, to take place under said deed of trust, which

sale was advertised to take place on the 7th day of January, 1888, and a trustee's deed made on that date by the trustee Richards, conveying this property to the plaintiff, dated January 7, 1888, which notice of sale and trustee's deed were produced and offered. To the introduction of this testimony the plaintiff objected, which objections were sustained by the court, and to these rulings of the court the defendant excepted, and assigns as error the exclusion of the deed of trust, notice, and trustee's deed so offered. The property in controversy being chattel property, if it be conceded that the deed of trust acknowledged in Missouri would not create a lien on this property, which would be good against the execution in the hands of the sheriff and so levied, and if it be further conceded that that deed was fraudulent on its face, yet that would not preclude the parties to that instrument from making a valid and binding contract in reference to the property; and a surrender of the property by way of sale and a delivery of possession to pay a subsisting debt without actual or intended fraud would be valid. Stewart et al. v. Dunham et al., 115 U. S. 61, is directly in point.

The plaintiff having based her claim on such surrender and possession, this offer of the deed of trust by the defendant did not tend to disprove any of the testimony offered by plaintiff to show the surrender and possession as claimed by her. Its introduction would have been misleading. It was not error to sustain the objection to that testimony.

It is further insisted that the president of the company had no power to convey its entire property and assets, and that an attempt to do so would be inoperative and fraudulent. Without entering into a consideration of the power of the president of a company in this respect, it is sufficient to say that from the evidence in this record it appears that the indebtedness from the company to the plaintiff was over $23,000, and the value of the property of the River Rendering Company, at the time of the surrender of the same to her in satisfaction of her debt, did not exceed $10,000. The stock of the company was, as appears from this evidence, substantially all held by the president, secretary and superintendent. The

Ragland v. McFall.

plaintiff, after entering into possession, operated the factory, and that she was so operating and in possession of the factory and claiming ownership of the same, was known to the officers and stockholders.

The superintendent entered into her employ while she was so operating the factory, as did also the president of the company. The secretary had notice of these facts, and with that notice there was acquiescence, without objection, for more than five years. The plaintiff expended money in improvements and repairs, of which there was notice; such stockholders or officers of the company, with such notice, so standing silently by for such a length of time, will not be heard to question the transfer, on the ground of the want of power. Can this judgment creditor, who had, as appears from this evidence, the same knowledge, and who contracted with plaintiff in reference to repairs on this factory, and was paid by her individually, and who, because of the insolvency of the company, importuned her to pay his debt, occupy a different position? His judgment, as appears from this evidence, was recovered more than four years and ten months after this possession was entered into by the plaintiff. Under these facts it was not error to refuse the second instruction asked by defendant, which was as follows: "The jury are instructed that, under the evidence in the case, McFall, as president of the company, had no right to turn over or deliver to his wife the property in question, in satisfaction of her debt, and the verdict should be for defendant;" which refusal to give such instruction is assigned as error. No fraud, actual or intended is proven, and if the officers and stockholders of the company have so acted with reference to the matter, that they be held bound by the transfer, the defendant nor the judgment creditors could not be in a better position to deny that want of power, in the absence of fraud, actual or constructive. The instruction given for plaintiff, which is assigned as error, correctly states the law as here discussed. Finding no error in the record the judgment is affirmed.

*Judgment affirmed.*